UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN WILDOPHE DIEUJUSTE (A# 209-391-685),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-06729 TLN SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 4.

**I. Factual and Procedural History**

Petitioner is a citizen and national of Haiti who entered the United States as a minor with his parents on September 29, 2016, at the Calexico Port of Entry. ECF No. 7 at 36 (Form I-213). Immigration officials administratively charged the family as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizens not in possession of valid entry document) and granted their release on parole. Id.; see also id. at 5-7 (Notice to Appear).

Petitioner has a criminal history in the United States, including most recently an August 28, 2025, arrest for credit card fraud in Madison County, Georgia. See ECF No. 7 at 11-25 (FBI "rap sheet"). Immigrations and Customs Enforcement ("ICE") agents arrested Petitioner on April

23, 2026, on an outstanding immigration arrest warrant. Id. at 36. On July 1, 2026, an immigration judge ("IJ") ordered Petitioner removed to Haiti. Id. at 39. Petitioner waived appeal. Id. at 40. He is currently detained at the California City Immigration Processing Center within this judicial district. ECF no. 1 at 1.

The petition challenges Petitioner's allegedly prolonged detention under the Due Process Clause of the Fifth Amendment. ECF No. 1 at 2. He asks for release or in the alternative a custody redetermination hearing before an IJ. Id. at 8. Respondent opposes the petition on grounds that Petitioner is within the 90-day removal period and subject to mandatory detention under 8 U.S.C. § 1231(a).

## II. Legal Standard

Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal. See 8 U.S.C. § 1231(a)(1)-(2). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)).

An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)). DHS regulations further clarify that "[e]xcept when certified to the [BIA], the decision of the [IJ] becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39; see also 8 C.F.R. § 1241.1(b) (order of removal becomes final "[u]pon waiver of appeal by the respondent").

## III. Analysis

An IJ ordered Petitioner removed on July 1, 2026, and both DHS and Petitioner waived appeal. ECF No. 7 at 39-40. By operation of statute and DHS regulation, Petitioner's removal became administratively final on that date. 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1003.39.

Therefore, Petitioner was within the 90-day "removal period" when he initiated this action on August 24, 2026, and will be subject to mandatory detention through about September 29, 2026.

The Ninth Circuit has found that detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes constitutional scrutiny. Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004) (affirming dismissal of § 2241 petitions filed during 90-day removal period). There is no basis to distinguish Khotesouvan on the current record. See G.A. v. Warden of the Mesa Verde Det. Ctr., No. 1:26-CV-02419-TLN-SCR, 2026 WL 2070026, at *2 (E.D. Cal. July 17, 2026) (denying habeas petition where petitioner was subject to mandatory detention and filed his petition within the removal period); T.M. v. Warden of the Golden State Annex, No. 1:26-CV-03789-TLN-CSK, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (same). While courts have distinguished Khotesouvan where the petitioner's detention was unconstitutionally prolonged prior to the start of the removal period, see, e.g., Doe v. Becerra, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023), here Petitioner's detention of just over four months is not prolonged. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (identifying a six-month period of detention as presumptively reasonable). Accordingly, pursuant to Khotesouvan, and consistent with Judge Nunley's reasoning in G.A. and T.M., supra, the undersigned finds that Petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2) and recommends his § 2241 petition be denied.

However, the removal period will likely end within weeks of the resolution of this petition. "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Immigration officials "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6). Therefore, the undersigned recommends that the petition be denied without prejudice and not foreclose Petitioner's ability to challenge the constitutionally of his immigration detention when and if it should shift to 8 U.S.C. § 1231(a)(6).

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner Jean Wildophe Dieujuste's (A# 209-391-685) application for a writ of habeas corpus (ECF No. 1) be DENIED without prejudice.

2. The Clerk of the Court be directed to enter judgment for Respondent and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE